HENRY S. RIEGLE, Respondent, v. HIRAM E. BRATT, Appellant.

*Purchase by a husband in his wife's presence — evidence of the husband against his wife's executor — Code of Civil Procedure, § 829 — bill of sale and railroad receipts competent to show the purchase.*

The mere fact that a man's wife was present when certain personal property was purchased does not render his testimony in regard to the purchase thereof inadmissible, under section 829 of the Code of Civil Procedure, in an action brought by him against the executor of his wife's estate to recover the property so purchased, although the claim of the defendant in such action is that the property in question was purchased by the deceased, and the husband testified, upon cross-examination, that he borrowed of his wife a portion of the money used in paying for such property.

The burden is upon the party objecting to the reception of testimony, given by an interested witness upon the trial of an action, upon the ground that it is inadmissible under section 829 of the Code of Civil Procedure, to show that the witness is not qualified to give the testimony objected to.

Where an interested witness, upon his cross-examination, in an action brought by him against the executors of the estate of his deceased wife, testified that he borrowed money of his deceased wife, which was used in part to pay for certain property to recover which such action was brought, it is not error to allow such person to testify upon his redirect examination that he had repaid such money.

Upon the trial of an action, where the question as to who had purchased certain property is in issue, the bill of sale thereof and the railroad receipts in regard to the same are parts of the transactions relating to the purchase of the property, and while not very material evidence the admission thereof is not error.

APPEAL by the defendant, Hiram E. Bratt, from a judgment of the County Court of Erie county in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 18th day of

November, 1893, upon the verdict of a jury, and also from an order entered in said clerk's office on the 18th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Tabor*, for the appellant.

*George W. Cothran*, for the respondent.

LEWIS, J.:

Laura E. Riegle, the wife of the plaintiff, died at the town of Clarence, county of Erie, leaving a last will and testament, by which she bequeathed to the plaintiff $500 and her gold watch and chain; the property in question, consisting of an organ and some articles of furniture, she bequeathed to some female friends, and appointed the defendant executor of her will.

The defendant qualified as such executor and took possession of the property involved in this action, and the plaintiff thereupon brought this action against the defendant for conversion thereof. The defendant interposed an answer claiming title thereto as executor of the will of the testatrix.

The questions involved in this appeal arise upon the rulings of the court in the admission and rejection of evidence. The plaintiff, to maintain his action, called himself as a witness and the following testimony was given and proceedings had: Q. "Did you purchase an organ of Denton, Cottier and Daniels?" Objected to by defendant's counsel on the ground that it involved a transaction between this plaintiff and the testatrix of the defendant, the deceased, and that this party, being a party in interest, cannot, under section 829 of the Code, testify to a transaction which involves relations between him and the deceased. Objection overruled and exception taken. A. "Yes, sir; it was in April, 1891; it was an Estey organ, and the price was $40; I paid for it and received the organ and took it home that day. My home at that time was Clarence. I took the organ to my father's house at that time. It was on the 14th day of December, 1892, where I lived in the town of Clarence in my own house." * * * Q. "Did you purchase some household furniture from Hersee & Co. of this city?" Same objection and same ruling.

FIFTH DEPARTMENT, JUNE TERM, 1894.　　　[Vol. 78.

The witness testified that he purchased the furniture in question, and stated: "I left it there a short time; I paid for the furniture and received this bill from the firm." Paper shown witness. The paper was headed "Mr. H. S. Riegle, Clarence Center, N. Y. Bought of Hersee & Co.," and then followed the items of the furniture.

Plaintiff's counsel offered the bill referred to in evidence. It was objected to by the defendant's counsel on the ground that it was simply the declaration in writing of Hersee & Co.

The objection was overruled, the paper was received in evidence, and exception taken.

The witness further testified that the furniture was sent to his home by rail, and he was permitted, under objection of the defendant, to read the bill of lading in evidence showing that it was billed to him.

The witness on being cross-examined testified that the deceased was his wife; that after their marriage they lived with the witness' father; that he got some money from his father when he came to Buffalo to purchase the organ, after they were married; that he and his wife and his wife's adopted mother came together and picked out the furniture, but did not buy it that day for the reason that he did not have money enough with him to pay for it; that he and his wife subsequently came with the wife's adopted father, and that he bought the furniture for seventy-five dollars; that his wife was with him all the time, and that on that day she drew out of the bank about $890, which she delivered to the plaintiff; that he took out forty dollars or fifty dollars, and with that and some money of his own he paid for the furniture, and that the balance of the money, with the consent of his wife, he delivered to his own father, with the exception of some of it which his wife retained; that he paid for the furniture right there when his wife was present; that the furniture was used in the house where he and his wife lived until she died; that he paid seventy-five dollars for the furniture; forty dollars of it was his own money, and fifteen dollars or twenty dollars of it he got from his wife.

Thereupon the defendant's counsel moved to strike out all the evidence of the witness upon his direct examination as to the purchase of the property, on the ground that it involved a personal

transaction with the deceased, it then appearing that the defendant claimed the property as executor.

The motion was denied, and the defendant excepted.

Plaintiff's counsel then asked the witness the question : " Q. When defendant's counsel asked you if you paid for the furniture, you stated your wife stood near by; that don't answer the question which he put to you, whether you paid for the furniture, or whether she paid for it ? "

Defendant's counsel objected, on the ground that it involved a transaction with the deceased. ·

The objection was overruled, and the witness answered : " I paid for it." " Q. Did you repay your wife the moneys you received from her that were used in paying on this organ, and also the moneys that you received from her, and paid on the furniture ? "

The same objection was interposed, and the court said : " Either the whole of it has got to be stricken out, or he has got the right to show that he has repaid it. One or the other."

Ruling reserved, and the defendant excepted. " A. Yes, sir ; I was at my home on the 14th of December, 1892. Mr. Bratt came there. He removed the articles of furniture mentioned in this bill and the organ. I forbid him to move them, but he took them notwithstanding."

The witness appears to have answered the question notwithstanding the court reserved its decision as to its admissibility, and the defendant neglected to move to strike out the answer.

The plaintiff called other witnesses, who gave evidence tending to show that the plaintiff paid for the organ, and as to the value of the property in controversy, and he then rested his case.

The defendant introduced evidence tending to show that the deceased purchased the property.

The court, in charging the jury, submitted to them the question as to whether the plaintiff or his wife made the purchase. The jury found for the plaintiff the value of the property.

There was nothing in the testimony given by the plaintiff upon his direct examination tending to show that he ever had a wife, or that the defendant was the executor of his wife's will. His evidence, therefore, so far as it then appeared, was competent.

The fact that it was subsequently made to appear that his wife

was present on the occasion did not render the reception of the testimony erroneous. ( *Whitman* v. *Foley*, 125 N. Y. 652.)

Upon his cross-examination it was disclosed that his wife was present with him at the time of making the purchases of the property in suit, and that he borrowed of her a portion of the money used in paying for the property. The borrowing of the money and the purchasing of the property were two different transactions.

The transactions out of which the plaintiff claimed to become the purchaser of the property were between himself and the vendors of the property. The transaction upon which the defendant relies to exclude the plaintiff's evidence consisted of the act of his borrowing money of his wife. That had occurred before the transactions with the vendors of the property. The transactions did not necessarily have any relation to each other. The evidence showing the borrowing of the money was called out by the defendant. The burden was upon the defendant to show the disqualification of the witness to give the testimony. ( *Whitman* v. *Foley, supra.*)

The defendant, at the close of the cross-examination of the plaintiff, moved to strike out all of his direct evidence as to the purchase of the property, on the ground that it then appeared that it was a personal transaction with the deceased. The motion was denied and the defendant excepted. The motion should have been granted if, by the cross-examination, it had been established that the purchase of the furniture was a personal transaction between the plaintiff and the deceased. (*Mills* v. *Kemochan, Adm.*, 3 N. Y. St. Repr. 152 ; *Knowles* v. *Erwin*, 5 id. 421.)

We incline to the opinion that it was not error for the court to refuse to strike out the evidence, and that it was proper to submit the question to the jury as to who purchased the property.

The defendant having called out from the plaintiff the fact that he borrowed money of his wife, which was used in the purchase of the property, it was not error to allow him to testify that he had repaid the money.

The bill of sale and the railroad receipts were parts of the transactions relating to the purchase of the goods by the plaintiff, and while they were not very material evidence, we do not think it was error to admit them.

We have examined the other exceptions of the defendant and find nothing calling for a new trial.

The judgment and order appealed from should be affirmed.